# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ASHLEY PASTOR, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>YALE NEW HAVEN HEALTH SYSTEM,<br><br>Defendant. | CASE NO.<br><br>**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>DATED: February 3, 2025 |

Plaintiff Ashley Pastor, individually on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1.      This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs; declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees employed by Defendant Yale New Haven Health System (hereinafter also referred to as "Yale New Haven" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "FLSA Collective" as hereinafter more fully defined).

2.      This action also seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under various provisions of the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq.*, and Conn. Gen. Stat. §§ 31-68 & 31-72

(collectively "CMWA"), on behalf of Plaintiff and similarly situated current and former employees employed by Defendant in Connecticut (the "State Law Class" as hereinafter more fully defined).

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.     This Court has supplemental jurisdiction over Plaintiff's claims under Connecticut state law because the claims brought by Plaintiff, with respect to the claims she seeks to assert based on her state of employment, are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6.     Plaintiff Ashley Pastor is an individual and a resident of the State of Connecticut. Plaintiff Pastor has completed a "Consent to Join Lawsuit," which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

7.     Defendant Yale New Haven is a Connecticut corporation with its headquarters and principal place of business at 2789 Howard Ave., New Haven, Connecticut, 06519.[1]

8.     Defendant is the corporate parent of multiple entities, all of which are subsidiaries and affiliates of Defendant, that are operated and managed under the Yale New Haven brand.

---

[1] *See, e.g.,*
https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=yvygMTQ0Gsu4DTeR
5wQ78QVZ3KAUghcuHiHG%2BYXXGVA%3 (last accessed Jan. 30, 2025).

Directly and through these wholly-owned or affiliated subsidiaries and entities, it manages and oversees the operations of the Yale New Haven system, and through these entities it operates in concert in a common enterprise such that the actions of each may be imputed to the other, and/or they operate as joint employers within the meaning of the FLSA, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and similarly situated employees to be subject to the unlawful wage theft and pay practices described in this Complaint.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

9.      Defendant Yale New Haven holds itself out as "[t]he second largest employer in Connecticut, with more than 31,000 employees."[2]

10.     Defendant Yale New Haven further represents that it is "Connecticut's leading healthcare system, consisting of Bridgeport, Greenwich, Lawrence + Memorial, Yale New Haven and Westerly hospitals, and Northeast Medical Group, a physician foundation of primary care and medical specialists."[3]

11.     Defendant Yale New Haven is an "employer" of Plaintiff and members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Connecticut state law, Conn. Gen. Stat. § 31-58(d).

12.     Defendant Yale New Haven utilizes non-exempt employees, including Plaintiff and members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

---

[2] https://www.ynhhs.org/about (last accessed Jan. 20, 2025).
[3] *Id.* (last accessed Jan. 20, 2025).

13. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

14. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

16. Defendant was an employer of Plaintiff and members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and was required to maintain records, including employment records.

### Plaintiff's, the FLSA Collective's, and State Law Class's Non-Exempt Employment Statuses with Defendant

17. Plaintiff Pastor was employed by Defendant as an hourly Off-Shift Administrative Manger at its Bridgeport Hospital in Bridgeport, Connecticut.

18. At all times relevant, Defendant classified and paid Plaintiff, as well as members of the FLSA Collective and State Law Class, as nonexempt employees.

19. At all times relevant, Plaintiff and members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and C.G.S § 31-58(e).

20. At all times relevant, Plaintiff and members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay All Hours Worked as a Result of Defendant's Time Rounding Policies and/or Practices

4

21.     Defendant Yale New Haven uses an automated time keeping system. Plaintiff Pastor and members of the FLSA Collective and State Law Class are expected to clock in and out at the beginning and end of their workdays at Defendant's locations to track their time worked. Nevertheless, and despite utilizing a timekeeping system that tracks exactly when Plaintiff Pastor and members of the FLSA Collective and State Law Class "punched" or clocked in/out and started/ended working each day, Defendant has consistently failed to pay these employees for all hours, including overtime and non-overtime hours, worked at Defendant's patient care locations.

22.     More specifically, at Defendant's health care facilities, Defendant implemented time rounding/editing policies and/or practices, and/or other time manipulation procedures in furtherance of these policies/practices, that lead to less time paid than time worked. Accordingly, at the beginning of their workdays, Plaintiff Pastor and members of the FLSA Collective and State Law Class regularly clocked in and began to work and perform the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant at the beginning of their workdays.

23.     Similarly, Plaintiff and members of the FLSA Collective and State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. These employees are not paid for this time as Defendant instead paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all end-of-shift compensable work required by, performed for, and to the benefit of Defendant. This end-of-shift work time, when combined

with the additional minutes Plaintiff and members of the FLSA Collective and State Law Class worked at the beginning of their shifts that was rounded and/or edited away, regularly adds up to several minutes each day and workweek for which Defendant failed to compensate them. Plaintiff and members of the FLSA Collective and State Law Class are not paid for all time worked up and until they stopped working since Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all end of shift compensable work required by, performed for, and to the benefit of Defendant as tracked in Defendant's timekeeping system.

24.    Defendant willfully and intentionally manipulated both the beginning and end of shift time records of Plaintiff Pastor and members of the FLSA Collective and State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

25.    Defendant implemented a policy in which employees are expected to clock in and start working early, which is then rounded up in favor of Defendant – the manner in which Defendant Yale New Haven set up its time-keeping system was done and continues to be done in such a way as to inherently penalize employees.

26.    Although Defendant suffered and permitted its employees to work more than forty (40) hours per workweek during overtime workweeks, and non-overtime hours during non-overtime workweeks, Defendant failed to pay Plaintiff and the members of the FLSA Collective overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek, s*ee* 29 C.F.R. §§ 785.11, 785.13, as well as non-overtime hours to Plaintiff and members of the State Law Class. Though Plaintiff Pastor and members of the FLSA Collective and State Law Class regularly complete tasks that are required by Defendant, are

performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities at the beginning of their workdays (and at the end of their workdays), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff Pastor and members of the FLSA Collective and State Law Class were not properly paid for many of their hours worked as required by the FLSA and Connecticut law.

27.    Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Plaintiff and members of the FLSA Collective and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime and non-overtime hours worked.

28.    Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Plaintiff Pastor's and members of the FLSA Collective's and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff Pastor and members of the FLSA Collective and State Law Class worked more than forty (40) hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207.

29.    Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be

rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "**will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked**." 29 C.F.R. § 785.48(b) (emphasis added).

30.     As a result, Plaintiff Pastor and members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Pastor and members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Connecticut law.

### Defendant's Failure to Pay All Hours Worked as a Result of Defendant's Time Deduction Practices for Missed, Non-Taken, or Interrupted Meal Breaks

31.     In addition to Defendant's rounding/editing and time manipulation policies, Defendant automatically deducts thirty (30) minutes from each shift worked by Plaintiff and members of the FLSA Collective and State Law Class regardless of whether these employees receive, or do not receive, a *bona fide* meal period.

32.     Plaintiff and members of the FLSA Collective and State Law Class were routinely not provided an uninterrupted, *bona fide* meal break, despite Defendant automatically deducting thirty (30) minutes from Plaintiff's (and the members of the FLSA Collective's and State Law Class's) paycheck each workday for a supposed meal break. Plaintiff and members of the FLSA Collective and State Law Class regularly worked through, or performed work during, what were supposed to be their meal breaks, and this is additional time, including overtime in overtime weeks, that Plaintiff and members of the FLSA Collective and State Law Class are performing work required by, performed for, and to the benefit of Defendant without required compensation.

33.     By way of example, Plaintiff Pastor rarely if ever received an actual, *bona fide* meal break on a daily basis, as she was required to perform her principal job duties during the supposed "breaks" that were automatically deducted.

34.     Despite Plaintiff and members of the FLSA Collective and State Law Class rarely receiving a *bona fide* meal break during workweeks during the applicable statute of limitations period, Defendant nevertheless automatically deducted, on a daily workday basis, thirty (30) minutes from Plaintiff's and the FLSA Collective's paychecks even though they were not given a *bona fide* meal period. Moreover, Plaintiff and the members of the FLSA Collective were not trained as to what constituted, and what did not constitute, a *bona fide* meal break, including the FLSA's requirement that "[t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating," 29 C.F.R. § 785.19. Defendant did not train Plaintiff and members of the FLSA Collective and State Law Class and instruct them that, at times that they were required to perform any job duties whether active or inactive, such as missing meal breaks entirely, being interrupted during meal breaks to perform patient care and other principal job duties, and/or taking shortened meal breaks for which they were not fully compensated, that these times were required to be paid as hours worked.

35.     Defendant's meal break deduction policies and practices resulted in Plaintiff and members of the FLSA Collective and State Law Class regularly not receiving *bona fide*, uninterrupted meal breaks, as they were performing their principal job duties during the supposed "breaks."

36.     Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the

FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff and members of the FLSA Collective and State Law Class] without compensating for them." "Management has the power to …. [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA. *Id.*

37.    The additional beginning and end of shift work time that was rounded, edited, or otherwise manipulated, as well as time earned and owed during missed, non-taken, or interrupted meal breaks, was compensable as hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and Connecticut law.

### Defendant's Record Keeping Violations

38.    The FLSA and Connecticut law require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Conn. Gen. Stat. § 31-66.

39.    For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29

C.F.R. § 516.2. Similarly, Connecticut requires that each employer "shall keep at the place of employment for a period of three years a true and accurate record of the hours worked by, and the wages paid by him to each employee."

40.     Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include beginning and end of shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all time worked in violation of the FLSA and violated the FLSA and Connecticut record keeping requirements.

**The Willfulness of Defendant's Violations**

41.     By denying Plaintiff and members of the FLSA Collective and State Law Class straight and overtime compensation to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith and/or lacked "good faith" that its actions were in compliance with Connecticut law. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of straight and overtime compensation under federal and state laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the compensation requirements of federal and state

law or acted in reckless disregard as to Defendant's obligations under these laws or lacked good faith that its actions were in compliance with the laws.

42.     Accordingly, Defendant's actions were deliberate and willful, meaning reckless, within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions within the meaning of Connecticut state law.

43.     Defendant's failure to compensate Plaintiff and members of the FLSA Collective and State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207, and its failure so to compensate Plaintiff and members of the State Law Class for all their straight and overtime work constitutes a violation of Conn. Gen. Stat. §§ 31-72 (straight time) and 31-68 (overtime). Plaintiff and members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260 and Conn. Gen. Stat. §§ 31-68 and 31-72, as well as all other statutory and other damages obtainable under the FLSA and Connecticut Law.

## FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

44.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44, as if fully rewritten herein.

45.     Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees'**

**regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded, and/or having their time deducted for a missed, non-taken, or interrupted meal break.**[4]

46.     Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and/or missed, non-taken, or interrupted meal break time deduction policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

47.     Plaintiff Pastor and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and/or *non-bona fide* meal break time deduction policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff Pastor will prosecute this action vigorously on their behalf.

48.     Plaintiff Pastor and members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Pastor and members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

---

[4] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery.

49.     Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 16(b) of the FLSA. The precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately ten thousand or more persons.

## CONNECTICUT CLASS ACTION ALLEGATIONS
### (As to COUNT TWO)

50.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44, as if fully rewritten herein.

51.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert claims under the CMWA (referred to herein as the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant in Connecticut during the period of two years preceding the commencement of this action to the present who were not paid compensation for all hours worked (including overtime and/or non-overtime hours worked) by virtue of having their time edited and/or rounded, and/or having their time deducted for a missed, non-taken, or interrupted meal break.**

52.     There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid, in violation of Conn. Gen. Stat. §§ 31-68, 31-72;

(b) Whether Defendant's denial of Plaintiff's and members of the State Law Class's earned and owed compensation lacked a good faith basis to believe it was in compliance with the CMWA, entitling Plaintiff and members of the State Law Class to other damages pursuant to Conn. Gen. Stat. §§ 31-68 and 31-72;

(c) What amount of monetary relief will compensate Plaintiff and members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid; and

(d) Whether Plaintiff and members of the State Law Class are entitled to declaratory and/or injunctive relief in order to rectify, both for the past and on a going forward basis, Defendant's violation of the provisions of CMWA, as set forth above.

53.    Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

54.    The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately ten thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and CMWA, as set forth above.

55.    Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

56.    The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine

15

Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**<u>COUNT ONE</u>**
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

58.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 49 as if fully rewritten herein.

59.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

60.     Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

61.     Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

62.     The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.*, apply to Defendant.

63.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

64.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66.     As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed its employees, as well as Defendant's policy and practice of automatically deducting hours worked on each workday for a missed, non-taken, or interrupted meal break, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

67.     As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as

liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover

unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements

of this action, pursuant to 29 U.S.C. § 216(b).

68.    Defendant's violations of the FLSA have been willful within the meaning of that

statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Unpaid Time – CMWA Violations)**
***On Behalf of Plaintiff and the State Law Class***

69.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1

through 44, and 50 through 57, as if fully rewritten herein.

70.    Plaintiff brings this claim for violation of Connecticut law, Conn. Gen. Stat.

Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq.*, and Conn. Gen. Stat. §§ 31-

68 & 31-72, on behalf of herself and the members of the State Law Class, as previously defined.

71.    At all relevant times, Plaintiff and State Law Class members were employed by

Defendant within the meaning of Conn. Gen. State §§ 31-58(d), (c), (g).  Conn. Gen. Stat. § 31-

58(d) requires employers to pay employees "all wages, salary or other compensation due each

employee on a regular payday."

72.    Defendant suffered and permitted Plaintiff and members of the State Law Class to

perform work on its behalf.  Conn. Gen. State § 31-58(g).

73.    Defendant failed to pay Plaintiff and members of the State Law Class pay for all

the time that they worked as alleged herein, both straight time and overtime.

74.    As a result of Defendant's failure to pay for all work Plaintiff and the State Law

Class did, Defendant is liable to Plaintiff and the State Law Class for unpaid straight time wages

and penalty calculated at either "the full amount of such wages and compensation, with costs and

such reasonable attorney's fees as may be allowed by the court," should Defendant establish that, notwithstanding Plaintiffs' allegations, it had a good faith belief that the underpayment of wages was in compliance with law, or, otherwise, "twice the full amount of such wages, with costs and such reasonable attorney's as may be allowed by the court" pursuant to Conn. Gen. State § 31-72 which provides relief to an employee when an employer "fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive…," which provisions include the requirement that employers pay their employees "all wages, salary or other compensation due each employee…."  Conn. Gen. Stat. § 31-71b.

75.     And a result of Defendant's failure to pay for all work Plaintiff and the State Law Class did in excess of forty hours a week, Defendant is liable to Plaintiff and the State Law Class for unpaid overtime wages and penalty calculated "twice the full amount of such … overtime wage" and "with costs and such reasonable attorney's as may be allowed by the court" pursuant to Conn. Gen. State § 31-68 which provides relief to an employee for unpaid overtime wages if "any employee is paid by his or her employer less than the … overtime wage to which he or she is entitled."

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and the State Law Class, as applicable, prays that this Honorable Court:

A.    Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, time deduction, and other relevant records, necessary to determine similarly situated individuals;

B.    Promptly order Defendant to provide all contact information, including but not

limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.  Certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D.  Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F.  Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and NYLL and enjoining Defendant from continuing to violate the FLSA and NYLL, as well as awarding the relief set forth immediately below;

G.  Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.  Award Plaintiff and other members of the State Law Class all damages allowed by CMWA or otherwise available under New York Law, including but not limited to Conn. Stat. Gen. §§ 31-68 and 31-72;

I.  Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J.  Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.  Enter such other and further relief as this Court deems equitable, just, and proper.

Dated: February 3, 2025                    Respectfully submitted,

                                           /s/ Seth R. Lesser
                                           **KLAFTER LESSER LLP**
                                           Seth R. Lesser

Christopher M. Timmel*
Jessica Rado*
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com
jessica.rado@klafterlesser.com

**SCOTT & WINTERS LAW FIRM, LLC**
Joseph F. Scott*
Ryan A. Winters*
Kevin M. McDermott II*
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA
COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED.
R. CIV. P. 23 CLASS COUNSEL*

*\* PRO HAC VICE FORTHCOMING*